SUMMARY ORDER

Petitioner Yong Chen, a native and citizen of the People’s Republic of China, seeks review of a February 25, 2008 order of the BIA affirming the February 15, 2007 decision of Immigration Judge (“IJ”) Robert D. Weisel, denying his motion to reopen his removal proceedings. In re Yong Chen, No. A076 505 693 (B.I.A. Feb. 25, 2008), aff’g No. A076 505 693 (Immig. Ct. N.Y. City Feb. 15, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the denial of a motion to reopen for abuse of discretion. See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir.2005) (per curiam).
The BIA properly dismissed Chen’s appeal from the IJ’s denial of his untimely motion to reopen. See 8 C.F.R. § 1003.2(c)(2). In some circumstances, the time limitation applicable to motions to reopen may be equitably tolled to accommodate claims of ineffective assistance of counsel. See Cekic v. INS, 435 F.3d 167, 170 (2d Cir.2006). However, an individual alleging ineffective assistance of counsel must demonstrate, among other things, that he exercised due diligence during the period he seeks to toll. See Iavorski v. INS, 232 F.3d 124, 134 (2d Cir.2000). Here, as the BIA found, Chen failed to establish that he exercised due diligence in pursuing his ineffective assistance of counsel claim. See Jian Hua Wang v. BIA, 508 F.3d 710, 715 (2d Cir.2007). Indeed, he never explained to the agency what steps he took to pursue his case in the time he sought to toll. To the extent Chen attempts to do so now, his arguments are unexhausted. See Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 119-20 (2d Cir.2007). Accordingly, we find no abuse of discretion in the BIA’s rejection of Chen’s ineffective assistance of counsel claim. See Jian Hua Wang, 508 F.3d at 715; Kaur, 413 F.3d at 233-34; Matter of Compean, 24 I. & N. Dec. 710, 732-35 (A.G.2009).
Furthermore, the BIA did not err in denying Chen’s untimely motion to reopen based on changed country conditions. See 8 U.S.C. § 1229a(c)(7)(C)(ii). Chen argues that the BIA erred by finding that he failed to demonstrate materially changed country conditions sufficient to excuse his untimely motion to reopen or his prima facie eligibility for relief. However, these arguments fail where we have previously reviewed the BIA’s consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish materially changed country conditions or an objectively reasonable fear of persecution. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 169-72 (2d Cir.2008). Finally, we decline to consider Chen’s unexhausted argument that he will suffer economic persecution if returned to China as he failed to raise that ai’gument in his brief to the BIA. See Lin Zhong, 480 F.3d at 119-20.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.